## Pingetore et ux. v. Pilotta et al.

*Mirarchi & Mirarchi*, for plaintiffs.
*Daniel Sherman*, for defendants.

LEVINTHAL, J., August 29, 1952.—

### 1. *Pleadings and Issues*

Plaintiffs allege in their bill that they are the owners of premises 3727 Calumet Street, Philadelphia, Pa., and that defendants are the owner and tenant, respectively, of 3725 Calumet Street, the adjoining premises; that the above properties are separated by a party wall which is in need of repairs and alterations; that defendants have refused to repair the wall or to permit plaintiffs or their agents to enter upon defendants' premises for the purpose of making the repairs. Plaintiffs ask for an order enjoining defendants from preventing or interfering with the work of repairing the wall.

Defendants in their answer deny having knowledge

of the facts alleged in the bill and demand proof thereof.

## 2. *Findings of Fact*

1. Plaintiffs are the owners of premises 3727 Calumet Street, Philadelphia, Pa.

2. Defendants are the owner and tenant respectively of premises 3725 Calumet Street, Philadelphia, Pa.

3. The wall which separates the parties' properties is a party wall.

4. The party wall forms the northeast wall of plaintiffs' home, while the side facing defendants' premises is exposed to the weather.

5. The exposed portion of the party wall is not waterproof or weatherproof.

6. This condition permits water to penetrate and lodge in the party wall from defendants' side with the result that the inside of plaintiffs' home is continually damp and the wall paper and plaster in plaintiffs' living room are weakened and loosened.

7. A gradual deterioration of the party wall is, and has for some time in the past been, taking place, the continued effect of which will be eventually to render the wall unstable and unsafe.

8. In order to prevent further deterioration, it is necessary that the party wall be repaired, which job can be done effectively only by waterproofing the side of the wall facing onto defendants' premises.

9. Defendants have repeatedly refused plaintiffs access to premises 3725 Calumet Street for the purpose of waterproofing the exposed side of the wall.

## 3. *Discussion*

It is regrettable that the parties to this action have found it necessary to resort to a court of equity for the settlement of differences which they themselves should have composed in the manner of self-respecting and understanding neighbors.

Plaintiffs' home is in such a condition as the result of the defective construction of the party wall as to make it unsightly and uncomfortable, if not unliveable. They have made repeated requests upon defendants for permission to weatherproof the wall, all expenses to be borne by plaintiffs themselves. At the hearing plaintiffs even offered to post a bond indemnifying defendants against injury to their premises in consequence of repairing the wall. Defendants have persistently refused.

Much of the testimony at the hearing had to do with the proper method of treating the wall so as to prevent water from seeping into plaintiffs' home. Defendants insist that this job can be done on the inside of plaintiffs' house, thus making it unnecessary for plaintiffs or their workmen to enter defendant's yard. On this question we adopt the opinion of plaintiffs' expert that an effective and permanent job of waterproofing the wall requires that the work be done on the outside. It seems no more than common sense that the difficulty ought to be remedied at its source which in this case is the side of the wall exposed to the elements.

The inevitable consequence of permitting the wall to exist in its present defective condition was also testified to by plaintiffs' expert:

"If you let the water continually lodge in there . . . that wall will eventually weaken and eventually come down." Under these circumstances plaintiffs' right to make such repairs as are necessary to prevent further water damage is clear.

The controlling principle of law is generally stated to be that either owner may repair a party wall which is in an unsafe or ruinous condition: Tiffany on Real Property, vol. 3, sec. 807, p. 339 (3rd ed.) While the evidence in the instant case falls short of establishing that the wall in question is in a presently "unsafe" or "ruinous" state, we have no difficulty in construing

the principle to include a wall which is in the process of certain and steady deterioration. Any other construction would have the absurd result of effectively tying the hands of both owners until the wall had reached such a state of dilapidation as to be utterly useless as well as hazardous. It is certainly not the policy of the law, nor more clearly of equity, to foster such obviously wasteful and dangerous consequences.

Although no case has been cited by counsel in which the precise question raised in this suit has been adjudicated, at least one textwriter has intimated that the owner of premises, undertaking to repair a party wall at his expense, has the right to enter upon the adjoining owner's premises for that purpose. See Party Walls, Arthur Reginald Rudall, p. 18.

### 4. *Conclusions of Law*

1. The wall separating premises 3727 and 3725 Calumet Street is a party wall.

2. Plaintiffs are entitled to make such repairs or alterations to the wall as are reasonably designed to prevent its further deterioration due to water seepage.

3. Plaintiffs are entitled to have such access to any part of the wall in need of repair or alteration as is reasonably necessary for such work and to be free from interference from defendants while such work is in progress.

### *Order*

And now, to wit, August 29, 1952, it is hereby ordered that within 20 days from the date hereof a form of decree, in accordance with this adjudication, be submitted by counsel for plaintiffs, it being understood that said decree shall provide for the filing of a bond in sufficient amount to secure defendants against loss or damage by reason of plaintiffs' entry upon defendants' premises for the purpose of repairing the party wall separating premises 3727 and 3725 Calumet Street, Philadelphia.